IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| MUSCO SPORTS LIGHTING, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>STEPHEN WILEY AND SITECO LIGHTING US, INC.,<br><br>                      Defendants. | No. 3:24-cv-00875 |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Stephen Wiley ("Wiley") and Siteco Lighting US, Inc. ("Siteco," and, together with Wiley, "Defendants"), by counsel, for their answer and affirmative defenses to the Complaint filed herein by Plaintiff Musco Sports Lighting, LLC ("Musco") hereby state and allege as follows:[1]

Plaintiff, in its Reply Brief in Support of Musco's Motion for a Preliminary Injunction, has abandoned significant portions of its case, including Count III of its Complaint, and has effectively withdrawn numerous of its allegations concerning Defendants' alleged relationship

---

[1] Pursuant to the Court's instruction, Defendants file this answer while their Motion to Dismiss under Federal Rule of Civil Procedure 12 remains pending. This Answer is therefore submitted without waiver of Defendants' right to have the Motion to Dismiss decided by the Court. Additionally, if any claims survive the resolution of the Motion to Dismiss, Defendants reserve all rights to supplement or amend this Answer as permitted by the Federal Rules of Civil Procedure.

with FieldTurf. Accordingly, Defendants submit this Answer with the understanding that no response is required to these abandoned claims and allegations.

## NATURE OF THE CASE[2]

1. Defendants admit that Wiley is President of US Sales at Siteco, and admit that Wiley signed the Agreement. Defendants otherwise deny the allegations in paragraph 1.

2. Defendants admit that Plaintiff requests the enumerated relief from this Court but otherwise deny the allegations in paragraph 2.

## PARTIES

3. For purposes of this lawsuit, Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

## NATURE OF THE CASE

6. Paragraph 6 contains legal conclusions to which no response is required.

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Paragraph 9 contains legal conclusions to which no response is required.

## BACKGROUND

10. Defendants admit that Musco sells specialized sports and recreational lighting. Defendants otherwise lack sufficient knowledge to admit or deny the remaining allegations in paragraph 10, and therefore deny all remaining factual allegations in paragraph 10.

---

[2] The headers and sub-headers used in this Answer correspond to headings in the Complaint and are included here solely to aid in aligning each specific response with the corresponding paragraph in the Demand.

11. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore deny all factual allegations in paragraph 11.

12. The allegation in paragraph 12 that Musco's Profile Methodology and Scoreboard are trade secrets is a legal conclusion to which no response is required. Defendants otherwise lack sufficient knowledge to admit or deny the remaining factual allegations in paragraph 12, and therefore deny all remaining factual allegations in paragraph 12.

13. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore deny all factual allegations in paragraph 13.

14. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 14, and therefore deny all factual allegations in paragraph 14.

15. Wiley admits that he was employed by Musco for over twenty years and held various sales roles, and that he was one of only two Musco Sales Executives in Virginia. Wiley denies that he started working at Musco as an intern. Wiley lacks sufficient knowledge to admit or deny whether he was one of Musco's most successful and longest tenured staff. Whether Wiley had access to trade secrets is a legal conclusion to which no response is required. Siteco lacks sufficient knowledge to admit or deny the allegations in paragraph 15, and therefore denies all factual allegations in paragraph 15.

16. Wiley admits that the allegations in paragraph 16 describe, in part, his responsibilities as a Sales Executive in Virginia while at Musco. Siteco lacks sufficient knowledge to admit or deny the allegations in paragraph 16, and therefore denies all factual allegations in paragraph 16.

17. Wiley admits that the allegations in paragraph 17 describe the Virginia counties where he facilitated sales at Musco, and he denies the remaining factual allegations. Siteco lacks

sufficient knowledge to admit or deny the allegations in paragraph 17, and therefore denies all factual allegations in paragraph 17.

18. Wiley admits that he worked with the companies identified in paragraph 18 on Virginia projects, and he denies the remaining factual allegations. Siteco lacks sufficient knowledge to admit or deny the allegations in paragraph 18, and therefore denies all factual allegations in paragraph 18.

19. Wiley admits that he used Scoreboard and the Profile Methodology in carrying out his job responsibilities at Musco. Wiley admits that Musco trained him in how to use Scoreboard and the Profile Methodology, and that he trained other Musco employees in their use. Wiley admits that he would input market-research data into the database and would, on occasion, use the database's market-research data to evaluate customers' goals, resources, and priorities. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 19, and therefore denies all factual allegations in paragraph 19.

20. The allegation in paragraph 20 that Wiley had access to trade secrets at Musco is a legal conclusion to which no response is required. Wiley admits that upon starting work at Musco, he executed the Agreement. As to the other allegations in paragraph 20, Wiley states that the Agreement speaks for itself. Siteco lacks sufficient knowledge to admit or deny the allegations in paragraph 20, and therefore denies all remaining factual allegations in paragraph 20.

21. Wiley states that the Agreement speaks for itself. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 21, and therefore denies all factual allegations in paragraph 21.

22. Wiley states that the Agreement speaks for itself, and that the Court has yet to rule on the enforceability of its provisions. The last sentence of the paragraph is a legal conclusion to which no response is required. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 22, and therefore denies all factual allegations in paragraph 22.

23. Wiley states that the Agreement speaks for itself, and that the Court has yet to rule on the enforceability of its provisions. The last sentence of the paragraph is a legal conclusion to which no response is required. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 23, and therefore denies all factual allegations in paragraph 23.

24. Wiley states that the Agreement speaks for itself. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 24, and therefore denies all factual allegations in paragraph 24.

25. Wiley states that the Agreement speaks for itself, and that the Court has yet to rule on the enforceability of its provisions. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 25, and therefore denies all factual allegations in paragraph 25.

26. Wiley states that the Agreement speaks for itself, and that the Court has yet to rule on the enforceability of its provisions. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 26, and therefore denies all factual allegations in paragraph 26.

27. Wiley states that the Agreement speaks for itself, and that the Court has yet to rule on the enforceability of its provisions. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 27, and therefore denies all factual allegations in paragraph 27

28. Wiley states that the Agreement speaks for itself, and that the Court has yet to rule on the enforceability of its provisions. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 28, and therefore denies all factual allegations in paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required.

30. Wiley admits that he announced his decision to leave Musco on May 13, 2024, and otherwise denies the remaining factual allegations in paragraph 30. Siteco lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 30, and therefore denies all factual allegations in paragraph 30.

31. Wiley admits that he updated his LinkedIn account to reflect his new position as President of US Sales at Siteco Lighting. Defendants deny the remaining factual allegations in paragraph 31.

32. Defendants admit that Wiley was offered the position of President of US Sales in a letter dated April 15, 2024. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 31, and therefore deny all remaining factual allegations in paragraph 31.

33. Defendants admit that Musco Lighting sent both Mr. Wiley and Siteco Lighting a cease-and-desist letter and that Siteco Lighting responded to this letter. These documents speak for themselves. Defendants otherwise deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit the allegations in paragraph 35.

36. Defendants admit the first two sentences of paragraph 36. Defendants lack sufficient information to admit or deny what advertising was received by the unidentified customer. Defendants deny the last sentence of paragraph 36.

37. The allegation in paragraph 37 that Wiley had knowledge of Musco's trade secrets is a legal conclusion to which no response is required. Defendants deny the remaining factual allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants admit the allegations in paragraph 39.

40. The allegation in paragraph 40 that Wiley and Siteco's alleged actions violate the Agreement is a legal conclusion to which no response is required. Siteco admits that it discussed potential employment with a Musco employee. Wiley admits that he had discussions with a former Musco customer with whom he had worked at Musco.

41. Defendants admit the allegations in paragraph 41.

42. Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants admit that Wiley pitched Siteco's business to FieldTurf. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in paragraph 42, and therefore deny all remaining factual allegations in paragraph 42.

43. The allegation in paragraph 43 that Wiley had knowledge of Musco's trade secret information is a legal conclusion to which no response is required. Defendants deny the remaining factual allegations in paragraph 43.

44. Defendants admit that Talton attempted to hire Brent Castle. Defendants deny the remaining factual allegations in paragraph 44.

7

45. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 45.

## COUNT I

46. Answering paragraph 46, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-45 of the Answer, as if fully set forth herein.

47. Paragraph 47 contains legal conclusions to which no response is required.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants admit that Wiley has solicited the Fairfax County Park Authority, and deny the remaining allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Paragraph 47 contains legal conclusions to which no response is required.

## COUNT II

61.  Answering paragraph 61, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-60 of the Answer, as if fully set forth herein.

62.  Paragraph 62 contains legal conclusions to which no response is required.

63.  Defendants admit that Siteco was aware of the Agreement and its terms after Musco sent the Agreement to Siteco. Defendants deny the remaining factual allegations in paragraph 63.

64.  Defendants deny the allegations in paragraph 64.

65.  Defendants deny the allegations in paragraph 65.

66.  Defendants deny the allegations in paragraph 66.

67.  Defendants deny the allegations in paragraph 67.

68.  Defendants deny the allegations in paragraph 68.

## COUNT III

69.  Answering paragraph 69, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-68 of the Answer, as if fully set forth herein.

70.  Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 70, and therefore deny all factual allegations in paragraph 70.

71. Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants deny the allegations in paragraph 71.

72. Plaintiff has withdrawn its claim for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, the allegation in paragraph 72 that Wiley had knowledge of Musco's trade secrets is a legal conclusion to which no response is required. Defendants deny the remaining factual allegations in paragraph 72.

73. Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants deny the allegations in paragraph 73.

74. Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants deny the allegations in paragraph 74.

75. Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants deny the allegations in paragraph 75.

76. Plaintiff has withdrawn its claims for tortious interference with a business expectancy, therefore no response should be required. In the event a response is required, Defendants deny the allegations in paragraph 76.

## COUNT IV

77. Answering paragraph 77, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-76 of the Answer, as if fully set forth herein.

78. Paragraph 78 contains legal conclusions to which no response is required.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

## COUNT V

85. Answering paragraph 85, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-84 of the Answer, as if fully set forth herein.

86. Paragraph 86 contains legal conclusions to which no response is required.

87. Paragraph 87 contains legal conclusions to which no response is required.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

## COUNT VI

90. Answering paragraph 90, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-89 of the Answer, as if fully set forth herein.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

## COUNT VII

95. Answering paragraph 95, Defendants repeat, reiterate, and reallege each admission, allegation, and denial set forth in paragraphs 1-94 of the Answer, as if fully set forth herein.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 94.

99. Defendants deny the allegations in paragraph 94.

100. Defendants deny the allegations in paragraph 94.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

101. The Complaint fails to state a claim upon which relief may be granted.

### *Second Affirmative Defense*

102. Plaintiff's alleged damages are not the proximate result of Defendants' alleged conduct, acts, or omissions.

### *Third Affirmative Defense*

103. Plaintiff fails to sufficiently plead actual damages, as required for claims of breach of contract, misappropriation of trade secrets, and tortious interference.

*Fourth Affirmative Defense*

104.   Plaintiff's claims are barred as the contractual provisions Plaintiff seeks to enforce are invalid.

*Fifth Affirmative Defense*

105.   Plaintiff's claims, or the requested remedies, are barred by the equitable defenses of unclean hands, equitable estoppel, and/or laches.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all claims and issues of fact so triable.

Dated: January 27, 2025

Respectfully submitted,

/s/ *Timothy B. Hyland*
Timothy B. Hyland (Virginia Bar No. 31163)
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com

-and-

L. Reid Skibell (*pro hac vice*)
Jonathan H. Friedman (*pro hac vice*)
George L. Santiago (*pro hac vice*)
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
T: 212-970-1600
rskibell@glennagre.com
jfriedman@glennagre.com
gsantiago@glennagre.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 27th day of January, 2025, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of this document and the NEF to the following by email:

>Olivia Houston (VSB #95824)
>Edward Scheideman (*pro hac vice* forthcoming)
>Sergio Valente (*pro hac vice* forthcoming)
>DLA Piper LLP (US)
>500 8th Street, N.W.
>Washington, D.C. 20004
>(202) 799-4253
>olivia.houston@us.dlapiper.com
>edward.scheideman@us.dlapiper.com
>sergio.valente@us.dlapiper.com
>
>Micala Bernardo (*pro hac vice* forthcoming)
>1900 N. Peart St. Suite 2200
>Dallas, TX 75201
>(214) 743-4561
>micala.bernardo@us.dlapiper.com

>>/s/ *Timothy B. Hyland*
>>Timothy B. Hyland (Virginia Bar No. 31163)
>>HYLAND LAW PLLC
>>1818 Library Street, Suite 500
>>Reston, VA 20190
>>Tel.:   (703) 956-3566
>>Fax:   (703) 935-0349
>>Email: thyland@hylandpllc.com