IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MUSCO SPORTS LIGHTING, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>STEPHEN WILEY AND SITECO LIGHTING US, INC.,<br><br>                  Defendants. | No. 3:24-cv-00875 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN FURTHER SUPPORT OF THEIR OPPOSITION TO MUSCO SPORTS LIGHTING, LLC'S MOTION FOR A PRELIMINARY INJUNCTION**

GLENN AGRE BERGMAN & FUENTES LLP

1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
T: 212-970-1600

HYLAND LAW PLLC

1818 Library Street, Suite 500
Reston, Virginia 20190
T: 703-956-3566

*Attorneys for Defendants*

Defendants Stephen Wiley ("Wiley") and Siteco Lighting US, Inc. ("Siteco," and, together with Wiley, "Defendants") respectfully move the Court for leave to file a Sur-reply Brief in Further Support of their Opposition to Musco Sports Lighting, LLC's ("Musco") Motion for a Preliminary Injunction.

## ARGUMENT

Pursuant to Local Rule 7(F)(1), Defendants seek leave to submit a sur-reply brief of no longer than ten pages in further support of their opposition to Plaintiff's preliminary injunction motion. The impetus for this request is that Plaintiff's Reply Brief in Support of Musco's Motion for a Preliminary Injunction (the "Reply") acknowledges that a foundational allegation supporting its claims was incorrect, withdraws one of its claims, asserts entirely new grounds for purported irreparable harm, and admits that its Reply attached new evidence. Defendants should be permitted to address these points in a succinct sur-reply, as well as to provide the Court with documentary evidence that Musco produced on January 22, 2025, that is *inconsistent* with its claims.[1] In sum, the proposed sur-reply will give the Court the benefit of a complete record prior to the hearing on Plaintiff's Motion.

Defendants sought Musco's permission to file a sur-reply on the morning of January 27. While Musco has not yet responded, Defendants cannot delay in light of the schedule in this matter. Defendants are prepared to file a sur-reply within five days.

---

[1] *See Trustees of Columbia Univ. in City of New York v. NortonLifeLock, Inc.*, 2021 WL 8895279, at *1 (E.D. Va. Sept. 29, 2021) (granting motion to file a sur-reply where moving party's reply brief "introduce[d] new evidence . . . including fact declarations"); *Thorne v. Astrue*, 2012 WL 4801840, at *1, n.2 (E.D. Va. Sept. 20, 2012) ("In light of this new evidence, a sur-reply is fair and just.").

In its Memorandum of Law in Support of Musco's Motion for a Preliminary Injunction (the "Motion"), Musco focused on the contention that Defendants "us[ed] the proprietary and confidential information Mr. Wiley held to undermine Musco Lighting's longstanding business relationship with FieldTurf." Motion at 21. Musco represented that it had a "decades-long partnership" with FieldTurf, and that Defendants were responsible for causing FieldTurf to divert projects in Rhode Island and Florida away from Musco—which is the only lost business identified by Plaintiff. *Id*. at 21-22. But Musco now concedes none of those assertions were accurate, and it has withdrawn its tortious interference with business advantage claim. Reply at 15, n.9 ("Musco withdraws its tortious-interference-with-business-expectancy claim.").

In its Reply, Musco pivots by asserting that this is primarily a trade secrets case, and that it will suffer irreparable harm if its secrets are disclosed. It leans into this claim by relying on two new fact declarations from Musco executive directors, as well as sixteen documentary exhibits. *See* Reply, Exs. A – R. But Musco's new allegations are as unfounded as its now abandoned FieldTurf ones. Fairness demands that Defendants have an opportunity to rebut Musco's claims about this new evidence, which it has either mischaracterized or misunderstood. *See Collins v. Dollar Tree Stores, Inc.*, 2010 WL 9499078, at *1, *12 (E.D. Va. May 28, 2010) (granting motion for leave to file a sur-reply to address characterizations of evidence).

For example, Musco focuses on a screenshot of specifications for its lighting control systems that Wiley emailed to Siteco as background information. However, Musco fails to acknowledge that Wiley expressly states in the conveying email that he was only comfortable sending this information because Musco makes it *publicly available*; the information is not confidential, much less a trade secret. The screenshot at issue is also *illegible*, which is evident from the document itself and contemporaneous written evidence that Defendants intend to

2

enclose as part of their sur-reply. The specifications in the screenshot were never used by anyone at Siteco for any purpose.

Moreover, Musco's speculation that the screenshot would be useful to Siteco is simply wrong. Siteco does not manufacture a standalone outdoor lighting control system, as its European customers typically use an open-source system or a proprietary system that is for more than outdoor lighting. For customers that want a standalone system, Siteco offers a solution from a third-party provider that it does not customize. Defendants are prepared to provide sworn testimony to corroborate all of these facts.

Musco has also introduced new legal arguments not asserted in the Motion. For example, Musco now argues that Wiley will inevitably disclose its confidential information based on Iowa law. Reply at 6. In the Motion, however, Musco argued that "Virginia law governs the tort and statutory claims," Motion at 10, and it contended that Wiley would inevitably disclose confidential information based on a 2013 Virginia state court decision. *Id.* at 18. Defendants should have an opportunity to address Musco's new argument that Iowa law applies to this issue and to demonstrate, among other things, that Iowa courts have rejected attempts to apply the inevitable disclosure doctrine where, like here, a plaintiff merely asserts that a defendant might disclose unidentified information in a new job.[2]

For the foregoing reasons, Defendants respectfully request leave to file a sur-reply brief, to mitigate prejudice arising from Plaintiff's introduction of new arguments and evidence at the

---

[2]  *See, e.g.*, *Titan Int'l, Inc. v. Bridgestone Firestone N. Am. Tire, LLC*, 752 F. Supp. 2d 1032, 1046 (S.D. Iowa 2010) (declining to apply the doctrine because employee lacked "*intimate* knowledge of *specific* plans") (emphasis in original); *Interbake Foods, L.L.C. v. Tomasiello*, 461 F. Supp. 2d 943, 974 (N.D. Iowa 2006) ("this is not one of those rare cases in which the inevitable disclosure doctrine should apply").

3

last stage of briefing. Alternatively, Defendants request the opportunity to present testimony and evidence at the hearing on Plaintiff's Motion scheduled for February 12, 2025.

Dated: January 28, 2025

Respectfully submitted,

/s/ *Timothy B. Hyland*
Timothy B. Hyland (Virginia Bar No. 31163)
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com

-and-

L. Reid Skibell (*pro hac vice*)
Jonathan H. Friedman (*pro hac vice*)
George L. Santiago (*pro hac vice*)
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
T: 212-970-1600
rskibell@glennagre.com
jfriedman@glennagre.com
gsantiago@glennagre.com

*Attorneys for Defendants*